**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**ANGELA BUCHANAN**

                              **Plaintiff,**

          **-v-**                                        **20-CV-79V**

**ERIE COUNTY DEPARTMENT OF**
**SOCIAL SERVICES,**

                              **Defendant.**

_____

## DECISION AND ORDER

Plaintiff, Angela Buchanan,  filed this _pro se_ action alleging that she was subjected to discrimination in her employment at the Erie County Department of Social Services due to her gender. Dkt. #1.

Currently before this Court is plaintiff's motion for appointment of counsel. Dkt. #10. In support of his motion, plaintiff contends that she does not have the funds to retain an attorney. Dkt. #10.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  _See, e.g._, _Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc._, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel is clearly within the judge's discretion.  _In re Martin-Trigona_, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.      Whether the indigent's claims seem likely to be of substance;

2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). It must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages and discovery is still in process, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by appointing counsel.  Moreover, plaintiff's complaint demonstrates that she is able to communicate the factual basis of his claim. Accordingly, this Court finds that appointing counsel for plaintiff is not justified at this time.  It is, therefore, plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

Plaintiff is advised that the Pro Se Assistance Program is currently providing remote legal assistance to individuals representing themselves in civil actions in federal court and can be reached by telephone at (716) 847-0662, extension 340.

**SO ORDERED.**

DATED:      Buffalo, New York
            May 6, 2020

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**